A. Franklin Mahoney, J.
This is a motion for summary judgment wherein the State seeks to recover salary and tuition moneys paid to and for the defendant pursuant to written contracts whereby the plaintiff agreed to provide the aforesaid money for the graduate studies of defendant in return for the latter’s promise to return after graduation to the employ of the Sullivan County Department of Social Services as a caseworker for a period of 12 months for each year of graduate study. The defendant has refused to return.
Section 31 of the Social Welfare Law (now Social Services) provides: ‘ ‘ The department, under regulations which it shall prescribe, and from moneys received or appropriated for such purpose, is authorized to grant fellowships and scholarships to local and state public welfare employees to enable them to receive additional training for the better performance of their duties.”
The regulations are contained in 18 NYCRR 678.5(e). Said subdivision (e) provided, in part, at the time:
‘ ‘ The employee shall agree to return to the agency in which employed and to serve for such period as may be stipulated which shall be not less than a period equivalent to the leave granted, as a condition to educational leave.
‘ ‘ Each employee shall be fully informed of the conditions on which educational leave may be granted, including the length of time expected to remain in the agency’s service as well as his status before, during and following educational leave.
“ (i) Recognition is given to the fact that circumstances may make it impossible for the employee to fulfill the work requirement for the educational leave given. 'Situations may arise in which continuation of employment with the agency would result in undue hardship for the employee and a disadvantage to the agency. Under conditions which warrant, the agency may wish to provide for repayment of funds when the original agreement cannot be fulfilled.”
*1088 On February 11, 1966 and again on July 5, 1967, the defendant executed separate contracts for the school years 1966-67 and 1967-68. Each contract in paragraph 3 provided:
“ That if I fail or refuse so to return to my present employment or if I resign or withdraw from such employment before the expiration of said minimum period following completion of my scholarship graduate training or from such scholarship graduate training before completing the same, for a reason other than physical or mental disability or other cause beyond my control, I understand that I may be held responsible to the New York 'State Department of Social Welfare for return of, and in such case I agree to refund to it, the amount expended by it for tuition for my scholarship graduate training, and I further understand that I may be held responsible to my above-mentioned employer for return of, and in such case I agree to refund to it, the amount of salary and any other amounts paid me during any period or periods of educational leave granted me to permit me to take such .scholarship graduate training. If the salary paid me during any such period or periods of educational leave is fully reimbursed to my said employer by the New York State Department of Social Welfare, I understand that I may be held responsible for the return of such salary to the New York State Department of Social Welfare, and on request of that Department I agree, to refund the same to it.
“ I hereby accept the said scholarship for which I have been nominated, and I agree to the above-described terms and responsibilities relating thereto.”
The defendant resigned from his position with the Sullivan County Department of Public Welfare (now Social Services) as of May 24, 1968 and completed his second year of scholarship graduate training on June 4, 1968. The State seeks full reimbursement of the salary and tuition for the two years involved. It totals $11,731.82.
The defendant’s affidavit in opposition to the motion states that Sullivan County, not he, breached the contracts, in that the Department of Social Services of Sullivan County knew that he was pursuing a course of studies not related to the duties of a caseworker and, further, that he would not have accepted the scholarship if he knew he had to return to the employment of the county as a caseworker. This argument is devoid of merit when juxtaposed to the language of the signed contracts. Paragraph 1 of each contract states “ That on *1089 completion of such scholarship graduate training I will return to my present employment with my above-mentioned employer in the position I now hold[1] * * * or in such other position to which I may be promoted or assigned, and will continue to serve in such employment for a minimum of twelve months for each school year of scholarship graduate training that I have received.” (Italics supplied.) Next, on September 15, 1967, some 19 months after the execution of the first contract, the defendant wrote to the Sullivan County Commissioner as follows:
‘ ‘ I agree, that as a condition of the (State approving my second year of Educational Leave to return to the Agency in the position of Case Worker or any position to which I may be promoted according to the Civil 'Service Standards and the needs of the Agency, as agreed upon by the Commissioner of Sullivan County and the State Department of Social Services.
“ This agreement covers the full period of the commitment previously agreed upon.”
It would appear that the defendant was wholly cognizant of his obligation.
Defendant’s other contention is that he informed the Commissioner of Sullivan County in May of 1968 (one month before graduation) that he had not been trained to become a caseworker and that it would be a waste of public money for him to be so assigned. Further, he alleges that the Commissioner advised him that he could discharge his obligation by taking employment in a Federal or State agency dealing with poverty programs. Accordingly, he accepted employment with the United 'States Office of Economic Opportunity, believing that this employment satisfied his contractual obligation to the State. Without discussing the efficacy of a county Commissioner’s orally altering the terms of a written contract with the State, the contention must be rejected. On May 31, 1968 the 'Sullivan County Commissioner wrote to the defendant, asking that defendant’s resignation be put in written form and, further, cautioning him as to his obligation under the contracts. This letter even advised defendant that legal action would be taken if the contracts were dishonored.
There being no triable issues of fact and the amount demanded not being in dispute, the motion for summary judgment is granted, without costs.

. The position held was that of a caseworker.